UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL BENNETT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12091 (RCL) |
| VINCENT RAGOSTA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12184 (RCL) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DANSKE CAPITAL TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| BARRY FAMILY LP, on behalf of itself and all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A.  )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L.  )<br>WRIGHT,  )<br>)<br>Defendants.  ) | Civil Action No.  1:03-CV-12243 (RCL) |
| JULIUS WALTZER and PHYLLIS  )<br>WALTZER, on behalf of themselves and )<br>all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A.  )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L.  )<br>WRIGHT,  )<br>)<br>Defendants.  ) | Civil Action No.  1:03-CV-12277 (RCL) |

[Captions continued on next page]

| | |
|---|---|
| DEBRA S. FOLKERTS, on behalf of herself and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A.  )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L.  )<br>WRIGHT,  )<br>)<br>Defendants.  ) | Civil Action No. 1:03-CV-12386 (RCL) |
| JAMES P. SLAVAS, on behalf of himself ) and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A.  )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L.  )<br>WRIGHT,  )<br>)<br>Defendants.  ) | Civil Action No. 1:03-CV-12471 (RCL) |

## PRELIMINARY STATEMENT

Alkermes, Inc. investor Danske Capital ( "Movant"), an institutional investor with losses totaling approximately $1,393,671 as a result of its investments in Alkermes, Inc. ("Alkermes" or the "Company"). Accordingly, Movant is believed to have suffered the largest financial loss of any other movant, and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movant hereby moves for its appointment as lead plaintiff of a proposed class of persons or entities who purchased or acquired the securities of Alkermes between April 22, 1999 and July 1, 2002, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (collectively, the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Movant, with losses of approximately $1,393,671, in connection with its purchases of Alkermes securities during the Class Period, is suitable and adequate to serve as lead plaintiff.[1] Danske Capital is an asset manager based in Copenhagen, Denmark that was founded in 1928 and has approximately U.S. $16 billion under management. Furthermore, Danske Capital has submitted a certification demonstrating its desire to serve as the lead plaintiff in this action and

---

[1] The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

-1-

their understanding of the attendant duties and obligations of serving as such. See Lagorio Decl. at Exhibit C. Movant's losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Lagorio Decl. at Exhibit C.[2] Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, is qualified for appointment as lead plaintiff in these actions. Thus, as demonstrated herein, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

Danske Capital respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Danske Capital to serve as lead plaintiff pursuant to the Exchange Act; (3) approving Movant's selection of Schiffrin & Barroway, LLP as lead counsel for the Class; and (4) approving Movants's selection of Gilman and Pastor, LLP as liaison counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced on or about October 29, 2003. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), on October 29, 2003, the first notice that a class action had been

---

[2]   The Proposed Lead Plaintiff's sworn Certification documenting its transactions pursuant to the federal securities laws is attached as Exhibit A to the Declaration of Peter A. Lagorio In Support Of Motion Of Danske Capital To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel and Liaison Counsel (the "Lagorio Decl.").

initiated against defendants was published in a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than December 29, 2003. See Lagorio Decl. at Exhibit B.

Movant is a class member (see Lagorio Decl. at Exhibit A) and is filing this motion within the 60 day period following publication of the October 29, 2003 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[3]

Alkermes is a Pennsylvania corporation with its principal executive offices located in Cambridge, Massachusetts. Alkermes is a biopharmaceutical company focused on the discovery and commercialization of new small molecule drugs for the treatment of cardiovascular diseases.

Throughout the Class Period, defendants failed to disclose that in an attempt to increase development expenses and speed the product to market, Alkermes concealed the deficient nature of the manufacturing process for the Medisorb PLGA polymer used to manufacture Risphedral Consta, which resulted in management issues and delays in the development program. In fact, in order to conceal lot-to-lot variation resulting from the manufacturing process for Medisorb PLGA polymer, the Company minimized process development and validation requirements, including the specifications and analytical tests necessary to control those variations. Additionally, significant quality issues for the manufacture of Risphedral Consta existed at the Wilmington, Ohio facilities which impacted the ability of Alkermes to meet clinical development timelines for the drug.

---

[3] These facts were derived from the allegations contained in the class action styled as *Bennett v. Alkermes, Inc., et al.*, Civil Action No. 1:03-CV-12091 (RCL).

-3-

In order to avoid disclosure of the serious deficiencies of the Medisorb manufacturing process, particularly the lot-to-lot variation in molecular weight for Medisorb PLGA polymer, and in order to find a way to fix the desired molecular weight of the Resphidral Consta finished drug product, Alkermes patented a method to degrade the finished product to the desired molecular weight. As a result, the Company's revenue projections for Risphedral Consta were grossly inflated based on defendants concealment of the fact that the drug's adverse effects and safety or tolerability issues are worsened when Risphedral Consta is formulated using the Medisorb technology and used as intended.

Moreover, Alkermes concealed the combined effect of the financial agreements reached with its joint venture partner, Janssen, that Risphedral Consta would not be profitable unless it achieved the high end of sales projections which was an unlikely outcome. It was also revealed that the serious safety concerns for Risphedral "oral" and Risphedral "depot" products, such as CVAEs in elderly patients, extrapyramidal symptoms, QT interval prolongation and diabetes, which were detected in clinical trials that went unreported to worldwide regulatory authorities for long periods, negatively impacted the regulatory review process.

Alkermes' failure to disclose the defective nature of the Risphedral Consta chemical and manufacturing controls, clinical program, safety and other issues preventing the Company from realizing product approval prevented investors from learning the extent of the misrepresentations made to them during the Class Period. On July 1, 2002, Alkermes announced the receipt of a non-approvable letter for Risphedral Consta. In reaction to this news, Alkermes stock price dropped precipitously over the next two days to a low of $4.04 per share. This was a loss of over 90% from its Class Period high of $98.00 per share.

-4-

## ARGUMENT

I.  **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Alkermes securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Alkermes securities who purchased in reliance of the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

II.  **DANSKE CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF**

    A.  **Danske Capital Has Satisfied The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Plaintiff in the first-filed action published a notice, on *Business Wire,* on October 29, 2003. See Lagorio Decl. at Exhibit B.[4]

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP

-5-

This notice indicated that applications for appointment as lead plaintiff were to be made no later than December 29, 2003.

Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

The purpose behind this detailed procedure is to encourage large investors, like Danske Capital, to take control of private securities litigation. Moreover, it reflects Congress' view that institutional plaintiffs, like Danske Capital, have the expertise and financial wherewithal to seize the reigns of these class actions rather than ceding control to the lawyers. See In re Nice Systems Securities Litig., 188 F.R.D. 206, 215-216 (D.N.J. 1999); In re Donnkenny, Inc. Securities Litig., 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31.

### B.  Danske Capital Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to

---

Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6,1997).

> a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866 at *7.

In applying this presumption, Movant is demonstrably the most adequate plaintiff. It has timely filed its motion to be appointed lead plaintiff along with its certification attesting to its transactions in Alkermes securities during the Class Period. See Lagorio Decl. at Exhibit A. In addition, Movant, with losses totaling approximately $1,393,671 as a result of its Class Period purchases of Alkermes securities, has the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff. See Lagorio Decl. at Exhibit C. Indeed, the losses sustained by institutional investor Danske Capital are believed to be representative of the largest financial interest in this action. Moreover, Movant has selected and retained competent and experienced counsel to represent itself and the Class. See Lagorio Decl. at Exhibits D and E.

Accordingly, Danske Capital has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submits that its application for appointment as lead plaintiff and its selection of lead counsel and liaison counsel should be approved by the Court.

### 1.   Danske Capital Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after

publication of the notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. Danske Capital Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large investors, such as Danske Capital, to come forward to serve as lead plaintiff. As the Statement of Managers of the Act noted:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiff by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff."
>
> <u>Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.</u>

House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995) (Emphasis added).

> Similarly, the Senate report on the Act states in pertinent part:
> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> <u>Institutions with large stakes in class actions have much the same interest as the plaintiff class generally</u> . . . .

Senate Report No. 104-98, 104th Cong. 1st Sess. At 11 (1995) (Emphasis added).

### 3. Danske Capital Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866 at *20. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

#### a. Danske Capital Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506

-9-

U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, *13-14 (N.D. Ill. October 28, 1996).

Movant seeks to represent a class of purchasers of Alkermes securities which have identical, non-competing and non-conflicting interests. Movant satisfies the typicality requirement because, just like all other class members, it: (1) purchased or acquired Alkermes securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Movant's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b. Danske Capital Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the

putative Class; and (4) whether there is evidence of any antagonism between their respective interests. As detailed above, Movant shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. Further, Movant already has taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed a certification detailing its Class Period transactions and expressing its willingness to serve as lead plaintiff; it has moved this Court to be appointed as lead plaintiff in this action; and it has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866 at 21-25. Furthermore, Movant has the largest known financial interest so that its "financial stake in the litigation provides an adequate incentive for the [Movant] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, Movant, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

### III.  THE COURT SHOULD APPROVE DANSKE CAPITAL'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movant has selected and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Gilman and Pastor, LLP to serve as liaison counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Lagorio

Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint Danske Capital as lead plaintiff and approve its selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Gilman and Pastor, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Danske Capital as lead plaintiff; (c) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (d) approve Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: December 29, 2003

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: _____
David Pastor (BBO # 391000)
Peter A. Lagorio (BBO # 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone:   (781) 231-7850
Facsimile:    (781) 231-7840

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Proposed Lead Counsel**

-13-

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Proposed Lead Counsel**