...OURT
                                          ...OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JAN 12 P 5: 37

|  |  |
|---|---|
| PAUL BENNETT, on behalf of himself ) <br> and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALKERMES, INC., RICHARD F. POPS, ) <br> ROBERT A. BREYER, DAVID A. ) <br> BROECKER, MICHAEL J. LANDINE, ) <br> JAMES M. FRATES, and JAMES L. ) <br> WRIGHT, ) <br> ) <br> Defendants. ) | Civil Action No. 1:03-CV-12091 (RCL) |
| VINCENT RAGOSTA, on behalf of ) <br> himself and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALKERMES, INC., RICHARD F. POPS, ) <br> ROBERT A. BREYER, DAVID A. ) <br> BROECKER, MICHAEL J. LANDINE, ) <br> JAMES M. FRATES, and JAMES L. ) <br> WRIGHT, ) <br> ) <br> Defendants. ) | Civil Action No. 1:03-CV-12184 (RCL) |

[Captions continued on next page]

**DEFENDANTS' LIMITED OPPOSITION
TO PLAINTIFFS' MOTIONS TO CONSOLIDATE CASES
AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

| | |
|---|---|
| BARRY FAMILY LP, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12243 (RCL) |
| JULIUS WALTZER and PHYLLIS WALTZER, , on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12277 (RCL) |

[Captions continued on next page]

| | |
|---|---|
| DEBRA S. FOLKERTS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>    Defendants. | Civil Action No. 1:03-CV-12386 (RCL) |
| JAMES P. SLAVAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>    Defendants. | Civil Action No. 1:03-CV-12471 (RCL) |

Defendants Alkermes, Inc. (the "Company"), Richard F. Pops, Robert A. Breyer, David A. Broecker, Michael J. Landine, James M. Frates and James L. Wright (collectively, the "Defendants"), by their attorneys, Testa, Hurwitz & Thibeault, LLP, submit this limited opposition to Plaintiffs' motions seeking consolidation and appointment of lead plaintiffs and lead counsel in the above-captioned matters.[1]

## Overview

1. Defendants respectfully wish the Court to know that Defendants regard the six, virtually identical complaints that have been filed as utterly meritless. Plaintiffs claim that Alkermes, a Cambridge, Massachusetts bio-pharmaceutical company, committed securities fraud in connection with disclosures made about the development of its groundbreaking, sustained release schizophrenia drug, Risperdal Consta, during the more than three-year period from April 22, 1999 through July 1, 2002. Plaintiffs (both in their complaints and in the memoranda they have filed concerning their motions to consolidate) trumpet the fact that on July 1, 2002 Alkermes announced that the U.S. Food and Drug Administration ("FDA") had issued a preliminary determination withholding, at that time, FDA approval of Risperdal Consta. What the Plaintiffs never tell this Court (either in their complaints or in their memoranda), however, is that ***a little over a year later, in October 2003, the FDA approved this very same drug product, Risperdal Consta***.

2. Alkermes never promised the investing public that Risperdal Consta would be approved at all, much less that it would be approved by July 2002 or any other particular date,

---

[1] The specific motions pending before the Court are: (1) Southern Alaska Carpenters Retirement Trust's Motion to Be Appointed Lead Plaintiff Pursuant to Section 21D(3)(B) of the Securities Exchange Act of 1934 and for Appointment of Lead Counsel; (2) Motion of the Southern Alaska Carpenters Retirement Trust To Consolidate Cases For All Purposes and For An Order Regarding Preservation of Documents; (3) Motion of the McCallum Family Group for Appointment As Lead Plaintiff and Approval Of Proposed Lead Plaintiff's Selection of Lead Counsel; and (4) Danske Capital's Notice of Motion to Consolidate Actions, To Be Appointed Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel.

1

and Plaintiffs nowhere allege that it did. What these lawsuits thus boil down to is an opportunistic attempt to fabricate claims out of the not-surprising decline in Alkermes' stock price when it announced the FDA's preliminary determination in July 2002. The filing of lawsuits following stock price declines in the hope of intimidating companies into lucrative settlements, however, is precisely the reason that Congress passed the Private Securities Litigation Reform Act of 1995. See H.R. Conf. Rep. No. 104-369, at 31 (1995) (among other reasons, the PSLRA "was prompted by significant evidence of abuse in private securities lawsuits . . . [including] (1) the routine filing of lawsuits against issuers of securities and others whenever there is a significant change in an issuer's stock price, without regard to any underlying culpability of the issuer, . . . (2) the targeting of deep pocket defendants, including accountants, underwriters, and individuals who may be covered by insurance, without regard to their actual culpability, [and] (3) the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle. . . .").

3.  The path that a drug product follows on its way to FDA approval is not necessarily smooth or without bumps and delays. The fact that Risperdal Consta was approved by the FDA in October 2003, rather than July 2002, no doubt mirrors the product development cycle of many other ground-breaking drug products as they make their way through FDA clearance and into the martketplace  In short, Risperdal Consta has been approved by the FDA (though perhaps not as quickly as Plaintiffs apparently would have liked), and these lawsuits are much ado about nothing. For these reasons and others, Defendants believe that this meritless litigation should be disposed of summarily, and intend to move for dismissal as a matter of law.

2

## Motions To Consolidate And Appoint Lead Plaintiff and Counsel

4. Defendants do not oppose consolidation of the above-captioned matters and take no position at this time regarding the appropriateness of any particular proposed lead plaintiff or counsel to represent the putative class. Defendants, however, respectfully reserve all rights to oppose on all appropriate grounds any motion for the certification of any class that may be filed at a later date in this action. Such grounds potentially may include that the claims of one or more of any proposed class representatives may not be typical of the claims of the putative class, or that one or more of the proposed class representatives will not fairly and adequately protect the interests of the putative class. The Reform Act contemplates precisely this. See H.R. Conf. Rep. No. 104-369 at 34 (1995), reprinted in 1995 U.S.C.C.A.N. at 733 (lead plaintiff provision "not intended to affect current law with regard to challenges to the adequacy of the class representative or typicality of the claims among the class").

## Defendants' Limited Opposition to the Carpenters' Motion to Consolidate

6. In its motion to consolidate and proposed order, the Southern Alaska Carpenters Retirement Trust (the "Carpenters") asks this Court to take two additional steps beyond mere consolidation of the cases, one of which is entirely unnecessary and the other of which is contrary to the prior agreement of counsel for the parties and order of this Court.

7. First, the Carpenters seek a court order requiring counsel to notify all parties of their document preservation obligations pursuant to federal securities laws. See Carpenters' Proposed Order, ¶¶ 12-13. The parties, however, already are obligated under the Private Securities Litigation Reform Act to preserve documents in their custody and control that are relevant to the complaints' allegations, and, through this submission, Defendants acknowledge

3

that obligation. See 15 U.S.C. §78u-4(b)(3)(C). An order of the Court compelling Defendants' compliance with the statute is unnecessary.

8.  Second, the Carpenters seek, unilaterally, to undo the motion to dismiss briefing schedule previously agreed to by the parties and ordered by the Court in the Bennett and Ragosta actions referenced above.[2] See Joint Motion and [Proposed] Order To Extend Time To Respond To The Complaint, filed November 18, 2003, and this Court's Order Granting Joint Motion, dated November 28, 2003. Specifically, the parties agreed in their approved Joint Motion that:

- the consolidated amended complaint would be due sixty (60) days after the Court's selection of a lead plaintiff;
- Defendants' motion to dismiss would be due sixty (60) days after filing of the consolidated amended complaint;
- Plaintiffs opposition brief would be due sixty (60) days after filing of the motion to dismiss; and
- Defendants' reply brief would be due forty-five (45) days after filing of Plaintiffs' opposition.

In its motion to consolidate, the Carpenters seek to alter the approved briefing schedule, by shortening: Defendants' time to file their motion to dismiss to forty-five (45) days and Defendants' time to file a reply brief to just twenty-one (21) days (or less than half the previously agreed upon and previously approved time to file a reply). If the Court approves the Carpenters' motion to consolidate and its proposed order over the other Plaintiffs' motions to consolidate (which do not seek to alter any Court-ordered briefing schedules), Defendants respectfully ask that the Court deny that part of the Carpenter's motion and proposed order that would supplant the Court's prior November 28, 2003 Order.

---

[2] Counsel for the Carpenters also filed the Bennett and Ragosta complaints. Moreover, the Carpenters' motion to consolidate seeks to fold all six actions into the Bennett action – the same action in which counsel for the parties submitted the Court-approved joint motion regarding the motion to dismiss briefing schedule.

4

Dated: January 12, 2004

ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES AND JAMES L. WRIGHT

By their attorneys

Brian E. Pastuszenski
Stephen D. Whetstone
Alexis L. Shapiro
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2004, I have caused a true and correct copy of the foregoing Defendants' Limited Opposition To Plaintiffs' Motions To Consolidate Cases And For Appointment Of Lead Plaintiff And Lead Counsel, to be served via first class mail, upon all counsel listed on the attached service list.

_____
Stephen D. Whetstone

## ALKERMES, INC. SERVICE LIST

Counsel for Plaintiffs:

Nancy Gans, Esq.
Moulton & Gans, PC
33 Broad Street, Suite 1100
Boston, MA 02109

Richard Lockridge, Esq.
Lockridge Grindal, et al.
100 Washington Avenue South
Minneapolis, MN 55401

Theodore Hess-Mahan, Esq.
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA 02109

William Lerach, Esq.
Milberg Weiss, et al.
401 B Street, Suite 1700
San Diego, CA 92101

Patrick J. Couglin, Esq.
Milberg Weiss, et al.
100 Pine Street, Suite 2600
San Francisco, CA 94111

Charles J. Piven, Esq. (Of Counsel)
Law Offices of Charles J. Piven
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD 21202

Michael E. Criden
Hanzman & Criden, P.A.
Commercebank Building
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134

Samuel Rudman, Esq.
Cauley Geller, et al.
200 Broadhollow Road, Suite 400
Melville, NY 11747

Lionel Glancy, Esq.
Glancy & Binkow, LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Darren Check, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Robert Harwood, Esq.
Jeffrey Norton, Esq.
Wechsler Harwood, LLP
488 Madison Avenue
New York, NY 10022

David Pastor, Esq.
Gilman and Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Lawrence P. Kolker, Esq.
Christopher S. Hinton, Esq.
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY 1016

Mel E. Lifshitz
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

WHETSTON\325\3.3003220_1